UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES PENA,<br>    Plaintiff, | :<br>:<br>:   No. 3:19-cv-261 (KAD)<br>: |
| v. | :<br>: |
| SCOTT SEMPLE, et al.,<br>    Defendants. | :<br>:<br>: |

**ORDER RE AMENDED COMPLAINT AND MOTION FOR TRO**

**Preliminary Statement**

    Plaintiff, James Pena ("Pena"), currently confined at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. In the Complaint, Pena named four defendants, Scott Semple, John Aldi, A. Santiago, and Miaga, and challenged his confinement as a pretrial detainee. By Initial Review Order, Doc. No. 7, filed on March 22, 2019, the Court dismissed the Fourteenth Amendment claim regarding placement in the Security Risk Group ("SRG") Program, and the Sixth Amendment claim for denial of access to the courts. The Court permitted the case to proceed on Pena's Fourth Amendment privacy claim and Fourteenth Amendment conditions of confinement claim relating to his SRG confinement as a pretrial detainee. *Id.* at 10.

    Pena has filed an Amended Complaint in which he adds six new defendants, SRG Coordinator Papoosha, Warden Cocerralla, Deputy Warden Cotta, SRG Unit Manager Michaud, DRI Officer Nemeth, and Commissioner Cook. Pena states that he was sentenced on November 28, 2018. Doc. No. 7, ¶ 39. He seeks to add claims concerning his time as a sentenced prisoner,

specifically, Eighth Amendment claims for unconstitutional conditions of confinement, failure to protect, supervisory liability, retaliation, and deliberate indifference to safety. Pena also has filed a motion for preliminary injunctive relief regarding his current place of confinement. For the following reasons, the Amended Complaint is DISMISSED and the motion for injunctive relief is DENIED.

**Amended Complaint**

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of multiple defendants in a single action if the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Whether the claims "constitute the same transaction or occurrence under … Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). In the Rule 13 context,[1] the Second Circuit has observed that whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

Here, Pena's factual allegations and claims arising therefrom are separated into two distinct timeframes – when he was a pretrial detainee and when he was a sentenced prisoner.

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

The six newly added defendants are not alleged to have had any involvement with Pena while he was a pretrial detainee. The allegations against them begin after Pena was a sentenced prisoner. As Pena's claims against the new defendants do not arise from the same occurrences, Pena's confinement as a pretrial detainee, Pena has not satisfied the first criterion of Rule 20. In addition, the claims of sentenced prisoners are considered under the Eighth Amendment rather than the Fourteenth. And although the analyses are similar, they present distinct questions of law. Accordingly, the claims arising out of Pena's incarceration as a sentenced prisoner are improperly joined in this action in violation of Rule 20.[2] *See also Castellano v. Trump*, No. 3:17-cv-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017) (purpose of amended complaint is to clarify or amplify existing causes of action, not to add new causes of action) (citation omitted).

In addition, each set of claims would require different witnesses and proof at trial which could sew confusion into a jury trial. *See Cooke v. Deschaine*, No. 3:16-cv-138(SRU), 2016 WL 3579070, at *4 n.2 (D. Conn. June 29, 2016) (noting that different proof and witnesses required

---

[2] The court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner's complaints pursuant to 28 U.S.C. § 1915A. As two commentators have noted:

> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, Prisoners' Self-Help Litigation Manual 348 (4th ed. 2010) (collecting cases).

for unrelated claims could confuse the jury and prejudice the defendants). The Amended Complaint is dismissed without prejudice. Pena may assert these new claims in a separate action.

**Motion for Temporary Restraining Order**

Pena also has filed a motion for temporary restraining order, Doc. No. 13. Preliminarily, the court observes that he includes the captions for two cases on the motion. A proper case caption includes the name and docket number of only one case. *See* Fed. R. Civ. P. 10(a) (case caption includes "the court's name, a title, [and] a file number" not multiple file numbers). If Pena wants to file motions in multiple cases, he must submit separate motions for each case, each motion bearing the caption for a single case. *See Bridgeforth v. Zaid*, No. 08-CV-6438Fe, 2008 WL 5381292 (W.D.N.Y. Dec. 16, 2008) (cautioning plaintiff that attempting to address multiple cases in a single correspondence does not comply with Federal Rules of Civil Procedure 7, 8, and 10, and directing him to file separate motions for each request made in a different case).

In addition, preliminary injunctive relief, whether in the form of an injunction or restraining order, is available only to redress injuries related to the conduct underlying the complaint. *See DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter wholly outside the issues in the suit"); *Trowell v. Upstate Corr. Facility*, No. 9:16-CV-0639(MAD/TWD), 2016 WL 7156559, at *7 (N.D.N.Y. Dec. 7, 2016) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the

injury claimed in the motion and the conduct giving rise to the complaint." (citation and internal quotation marks omitted)).

As explained above, this case concerns Pena's confinement in the SRG program as a pretrial detainee. It does not concern his confinement as a sentenced inmate or any threats to his safety as a sentenced inmate. Thus, any relief requested in the motion is not related to the claims in this case. The motion for temporary restraining order is therefore denied.

**Orders**

For these reasons, the Amended Complaint is **DISMISSED**. The operative complaint remains the original complaint, as permitted to go forward in the Initial Review Order. The Clerk is directed to terminate Coordinator Papoosha, Warden Cocerralla, Deputy Warden Cotta, Unit Manager Michaud, Officer Nemeth, and Commissioner Cook as defendants.

Pena's motion for temporary restraining order [**Doc. No. 13**] is **DENIED** without prejudice but may not be reasserted in this action.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of May 2019.

/s/
Kari A. Dooley
United States District Judge